1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Digital Sin, Inc.,                         No. CV 12-00094-PHX-NVW

10                            Plaintiff,          **ORDER**

11   vs.

12   Does 1–187,

13                            Defendants.

14

15        Before the Court is Plaintiff's "Motion for Leave to Take Discovery Prior to Rule

16   26(f) Conference" (Doc. 4).  Having reviewed all of Plaintiff's filings with respect to this

17   motion, and having considered the requirements of the Cable Privacy Act, 47 U.S.C.

18   § 551, the Court will grant Plaintiff's motion.

19        Plaintiff Digital Sin, Inc. is a California entity engaged in creating, marketing, and

20   distributing so-called "adult entertainment," including a motion picture titled "My Little

21   Panties #2" (the "Film").  Plaintiff alleges that 187 persons used file-sharing technology

22   to duplicate and distribute unauthorized copies of one particular authorized copy the Film

23   (identified by its hash mark).  Plaintiff has a record of the 187 IP addresses assigned to

24   the computers used to effect this distribution (Doc. 1-1 at 3–8).  Each of these IP

25   addresses was administered by one of four Internet service providers — Cox

26   Communications, Qwest Communications, Comcast Cable, or "Road Runner" (which,

27   according to public records, appears to be a Road Runner High Speed Online, a

28   subsidiary of Time Warner Cable) — but Plaintiff does not know the names of the

1    subscribers to whom those IP addresses had been assigned.  Each of these subscribers is

2    currently named as a Doe Defendant.  Each is believed to live in Arizona.  (Doc. 1-1 at

3    45–49.)

4         Plaintiff now seeks pre-service discovery.   Specifically, Plaintiff wants to

5    subpoena Cox, Qwest, Comcast, and Road Runner for documents or information

6    sufficient to identify the subscribers to whom the suspect IP addresses had been assigned.

7    Plaintiff has shown good cause for such discovery, for the sole purpose of identifying the

8    Doe Defendants.  Where the identity of alleged defendants will not be known prior to the

9    filing of a complaint, "the plaintiff should be given an opportunity through discovery to

10   identify the unknown defendants, unless it is clear that discovery would not uncover the

11   identities, or that the complaint would be dismissed on other grounds."  *Gillespie v.*

12   *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).   The Court will therefore exercise its

13   discretion to allow Plaintiff to collect limited pre-service discovery from Cox, Qwest,

14   Comcast, and Road Runner and to excuse Plaintiff from the meet and confer

15   requirements of Rule 26(d) and Rule 26(f) for the sole purpose of ascertaining the

16   identities of the Doe Defendants.  The Court will also order Cox, Qwest, Comcast, and

17   Road Runner — to the extent they are "cable operator[s]" as defined by 47 U.S.C.

18   § 522(5) — to comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B).

19        IT IS THEREFORE ORDERED that "Motion for Leave to Take Discovery Prior

20   to Rule 26(f) Conference" (Doc. 4) is GRANTED IN PART.  Plaintiff Digital Sin is

21   hereby excused from the meet and confer requirement of Rules 26(d) and 26(f) of the

22   Federal Rules of Civil Procedure, and may subpoena Cox Communications, Qwest

23   Communications, Comcast Cable, and Road Runner (and any intermediary ISP that may

24   be identified in the pre-service discovery process) for the specific purpose of discovering

25   the identities of the subscribers to whom the IP addresses listed in Doc. 1-1 at pp. 3–8

26   had been assigned at the time the alleged unauthorized distribution of the Film occurred.

27

28

IT IS FURTHER ORDERED that, if served with such a subpoena, Cox Communications, Qwest Communications, Comcast Cable, and Road Runner (and any intermediary ISP that may be identified in the pre-service discovery process) shall each:

1) immediately suspend any process that might delete the information sought by Plaintiff; and

2) have 28 calendar days from the date of service of the subpoena to—

   a) comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B), if the subpoenaed party is a "cable operator" as defined by 47 U.S.C. § 522(5), and

   b) respond to the subpoena, either by producing the required information or moving to quash, if appropriate.

IT IS FURTHER ORDERED that Plaintiff shall pay any costs charged by any subpoenaed ISP for researching the Doe defendants.

Dated this 21st day of February, 2012.

_____
Neil V. Wake
United States District Judge