IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Digital Sin, Inc., | No. CV 12-00094-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Does 1–187, | |
| Defendants. | |

Before the Court are:

- the "Motion to Quash or Modify Subpoen [*sic*]" (Doc. 11) filed by Doe Defendant 148, appearing pro se, to which Plaintiff has responded and moved to strike (Doc. 13);

- the "Motion to Quash for Undue Burden" (Doc. 12) filed by Doe Defendant 124, appearing pro se, to which Plaintiff has responded and moved to strike (Doc. 16);

- the "Motion to Quash Subpoena" (Doc. 14) filed by Doe Defendant 89, appearing through counsel, to which Plaintiff has responded and moved to strike (Doc. 17); and

- the "Omnibus Motion to Sever Defendants and/or Quash the Subpoena and/or Issue a Protective Order" (Doc. 15) filed by Doe Defendant 82, appearing pro se, to which Plaintiff has not yet responded.

Three of these motions raise concerns about the Court's ability to contact Defendants to inform them of any ruling. Doe Defendants 82, 124, and 148 do not

provide their real names, addresses, telephone numbers, and/or e-mail addresses — violating Fed. R. Civ. P. 11(a) and LRCiv 7.1(g)(1). Their motions will therefore be stricken. If any of them wishes to file further motions, he or she must first lodge a notice of his or her true contact information (including a real name) under seal, and simultaneously file a motion to accept and seal the lodged notice. The motion to seal the lodged document may be made anonymously (*i.e.*, through the defendant's Doe number).

Doe Defendant 89 has appeared properly. He claims that Plaintiff's subpoena will subject him "to the undue burden of a violation of privacy and association with a legal action that will damage his social and professional standing." (Doc. 14 at 1.) He further claims that he was out of the country when the alleged file sharing happened. (*Id.*)

The Court is not aware of any body of privacy law that would quash Plaintiff's subpoena in this circumstance. Plaintiff seeks nothing more than information personally identifying the Internet subscriber to whom the relevant IP addresses was assigned at the time of the allegedly unlawful distribution of a copyrighted motion picture. Plaintiff has a right to pursue its copyright claim and it cannot do so without investigating the persons potentially responsible for infringement. If Doe Defendant 89 is entitled to quash the subpoena simply by claiming privacy and disclaiming liability, Plaintiff might never be able to enforce its copyrights — even if suing only one person at a time. Doe Defendant 89's motion will be denied.

If, after receiving the subpoenaed information, Plaintiff believes it has developed an appropriate case against Doe Defendant 89 (or any other Doe Defendant), Plaintiff must move to amend the complaint and show why that Defendant should not be sued individually in light of Fed. R. Civ. P. 20(a)(2). The members of a "swarm" can change constantly, and there is no necessary connection between the "original seeder" and subsequent members of the swarm, other than sharing the same file (as identified by its hash mark).

In moving to amend, Plaintiff may not include any Doe Defendant's personal identifying information in its filings until otherwise authorized by the Court.

IT IS THEREFORE ORDERED Plaintiff's "Motion to Strike Dkt No. 11 Filed by Unnamed Person" (Doc. 13) and "Motion to Strike Dkt No. 12 Filed by Unnamed Person" (Doc. 16) are GRANTED.

IT IS FURTHER ORDERED that Doe Defendant 148's "Motion to Quash or Modify Subpoen [*sic*]" (Doc. 11), Doe Defendant 124's "Motion to Quash for Undue Burden" (Doc. 12), and Doe Defendant 82's "Omnibus Motion to Sever Defendants and/or Quash the Subpoena and/or Issue a Protective Order" (Doc. 15) are STRICKEN.

IT IS FURTHER ORDERED that Doe Defendant 89's "Motion to Quash Subpoena" (Doc. 14) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Strike Dkt No. 14 Filed by Unnamed Person" (Doc. 17) is DENIED as moot.

Dated this 20th day of April, 2012.

_____
Neil V. Wake
United States District Judge